IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN CHAVIS ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19CV1032 |
| | ) | |
| K. MCMILLAN, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names as Defendants six medical personnel at Scotland Correctional Institution and one correctional officer at that facility. He alleges generally that they did not properly treat a broken finger he suffered while incarcerated at that facility.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

As an initial matter, the Court notes that Plaintiff names seven Defendants: K. McMillan, Wolmack, Elaine, Locklear, Jones, Adkins, and Sgt. Davis. However, the Complaint contains allegations against only three Defendants: Adkins, K. McMillan, and

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartly pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

2

Wolmack.  It contains no allegations as to Defendants Elaine, Locklear, Jones, or Davis and those Defendants should be dismissed from the case.

As for the remaining Defendants, Plaintiff alleges that they improperly treated his broken finger.  Deliberate indifference to a serious medical need can state a claim under § 1983.  Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).  However, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999).  Moreover, mere disagreement with treatment received is not enough to state a claim for relief.  Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975)); United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011).

The Complaint alleges that, on July 24, 2019, Plaintiff saw Defendant Adkins for the injured finger and that she provided an elastic bandage and pain medication. (Complaint [Doc. #2], "Facts Presented" ¶ 1.)  He also received a follow-up x-ray the next day, which confirmed that his finger was broken.  (Id. ¶ 2.)  Defendant Adkins treated Plaintiff and did not show deliberate indifference.  Plaintiff believes that she should have done more by referring him immediately to an outside medical provider.  However, this is a mere disagreement with the treatment that Defendant Adkins provided and does not state any viable claim for relief.  Jackson, 536 F. App'x at 357.

As for Defendants K. McMillan and Wolmack, Plaintiff later received surgery on his broken finger.  (Complaint [Doc. #2], "Facts Presented" ¶ 5.)  On the following day,

3

Plaintiff saw Defendants K. McMillan and Wolmack and requested that they change a bandage placed on his finger after surgery because it had become bloody. (Id. ¶ 6.) They allegedly refused to do so. (Id.) Plaintiff then took it upon himself to remove the bandage and wash it. (Id. ¶ 7.) Again, this is a matter of Plaintiff disagreeing with the Defendants' assessment of whether or not the bandage that the surgeon placed on his finger needed to be changed. Also, Plaintiff does not allege that any injury, such as an infection or damage to his finger, occurred either from Defendants' refusal to change the bandage or his own decision to wash the bandage. In the end, he fails to state any claim for relief under § 1983 and the Complaint should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be approved, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment, but Plaintiff has no funds with which to make such a payment. Therefore, the Court will not order a payment, but will order that payments be made from Plaintiff's prisoner trust account should funds become available.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

4

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of March of 2020, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 11th day of February, 2020.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

5